Curia per
Nott, J.
This ease presents a single' question on which the opinion of the Judge below must be supported, without going into a consideration of the several grounds made in the brief. By the fifteenth clause *486 of the act it is provided that, “ in case it shall at any time after the discharge of such petitioner appear that any such debtor did conceal any part of his estate, and not make a full surrender and delivery thereof, such debtor shall not be entitled to the benefit of this act, &c.” It is not provided in what manner the fraud is to be made to appear, nor by what process the party accused is to be deprived of the benefit of the act. — But there certainly must be some evidence of the fact. In the present case there was no charge that the defendant had concealed any part of his estate, or that he had not made a full surrender and delivery thereof. It is a simple affidavit in the usual form, annexed to the writ, stating that the defendant is indebted to the plaintiff in the sum therein mentioned. Instead of being subject to an arrest, on an ordinary affidavit to hold to bail, there ought at least to have been a specific charge ol fraud, to have authorized such a proceeding ; and that inference may be drawn from the first clause of the act, where, after requiring the debtor to deliver up all the goods, choses in action, &c. contained in his schedule within six months after his discharge, it goes on to provide that, “ in case any such debtor shall neglet or refuse to do so, within the time aforesaid, it shall and may be lawful for the said Justices, upon the application upon oath of the said assignee, or assignees, again to remand the said debtor, or debtors, to prison, there to remain unless good cause shall be shewn to the contrary, &c.”
I am of opinion that there was not sufficient cause shewn for ari’esting the defendant, and that he was therefore properly discharged. Motion refused.